```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

UNITED STATES OF AMERICA                                    RESPONDENT

VERSUS                                   CIVIL ACTION NO. 5:06cv10DCB
                                      CRIMINAL ACTION NO. 5:03cr24DCB

MELVIN ANDERSON                                              PETITIONER

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Melvin Anderson's Motion to Vacate Sentence [**criminal docket entry no. 216; civil docket entry no. 1**] and Motion to Correct or Reduce Sentence [**docket entry no. 226**]. Having reviewed the Motions, Briefs, Response, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds as follows:

## FACTS

On February 8, 2005, following a plea of guilty to charges of money laundering, 18 U.S.C. § 1957, Melvin Anderson was sentenced to a thirty-month term of imprisonment. Section 1957 prohibits a defendant from knowingly engaging "in a monetary transaction in criminally derived property of a value greater than $10,000.00 and is derived from specified unlawful activity." In short, the petitioner was charged with hiding and laundering money obtained by Reginald Odom, a co-defendant, through Odom's sale of narcotics. Although in his plea agreement Anderson expressly waived his right

-1-

to seek post-conviction relief under 28 U.S.C. § 2255, he now moves for vacation of his sentence [criminal docket entry no. 216; civil docket entry no. 1] claiming that the Court ran afoul of U.S. v. Booker, 543 U.S. 220 (2005), when it sentenced him.  Anderson also requests that the Court recalculate his "Criminal History Computation" and reduce his sentence [docket entry no. 226] because a prior California state court conviction has been set aside and dismissed.

## DISCUSSION

### I.   Anderson's Motion to Vacate

The petitioner states, "[T]he heart of this post-conviction proceeding is the fact that this Defendant was sentenced and enhanced on fact finding by a judge instead of a jury or admittance, which is a violation of Booker." [sic] (M. Vacate, 5.) Anderson argues that the Court erred when it calculated his sentencing guideline range and included the six-level enhancement found in United States Sentencing Guidelines Section 2S1.1(b)(1). Section 2S1.1(b)(1) applies when "the defendant knew or believed that any of the laundered funds were the proceeds of, or were intended to promote an offense involving the manufacture, importation, or distribution of a controlled substance or a listed chemical."  Specifically, the petitioner claims that the Court violated Booker when it found that the defendant "either knew absolutely or strongly believed . . . that [the laundered funds]

were derived from the drug proceeds." (Sentencing Hearing, 45.)

As an initial matter, the Court notes that the petitioner's § 2255 motion is barred. Anderson's plea agreement conspicuously states, "The Defendant, knowingly and understanding all of the facts set out herein, . . . **hereby expressly waives**: . . . the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code." (Mem. Understanding, 4.) An unambiguous waiver of the right to file a § 2255 motion is typically valid. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); see also United States v. White, 307 F.3d 336, 339-40 (5th Cir. 2002) (holding that a § 2255 waiver is valid unless the petitioner argues that ineffective counsel caused his waiver to be involuntary). Since the petitioner waived his right to file a motion for post-conviction relief, and the instant motion falls outside the scope of any recognized exception to the general rule, his petition must be dismissed with prejudice.

Moreover, even if the petitioner had not waived his right to file a § 2255 motion, he would not be entitled to have his sentence vacated. At Anderson's change of plea hearing, the government stated that, if put to its proof, "[W]e would expect the evidence to show that Melvin Anderson **knew** . . . of Mr. Odom's dealing of drugs and that being the source of his income." (Change of Plea

Tr. at 20.)  The government continued, "Mr. Anderson also received a cashier's check from Trustmark Bank . . . in the amount of $53,000.00 from Reginald Odom . . . **knowing** that the moneys were likely the result of unlawful specified activity, more particularly being drug sales proceeds."  (Id. at 20-21.)  The Court then asked the petitioner, "Mr. Armstrong, you've heard the U.S. Attorney outline what he feels that he could prove in the event that you go to trial in this case.  Essentially, do you agree with what Mr. Kennedy just said, sir?"  (Id. at 22.)  The petitioner answered, "Yes, sir." (Id.)  Inasmuch as the petitioner admitted to knowing that the laundered funds were the proceeds of drug sales, the Court did not engage in any impermissible fact finding.  See Booker, 543 U.S. at 753 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by the plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").  Accordingly, Booker was not violated, and the petitioner's Motion to Vacate is without merit.

**II.  Anderson's Motion to Correct or Reduce Sentence**

In computing the appropriate sentencing guidelines range for Anderson's sentence, the Court found that the petitioner's criminal history resulted in a "Criminal History Computation" score of Category Two.  As listed in the Presentence Investigative Report, the Court considered three California state court convictions when

it made its computation.  The convictions considered were: (1) arson of one's own property, (2) insurance fraud, and (3) perjury. At the sentencing hearing, the petitioner's counsel informed the Court that the insurance fraud conviction was in the process of being set aside and dismissed pursuant to a unique aspect of California law.[1]

Without the insurance fraud conviction being taken into account, the petitioner would have been entitled to a Category One classification and a correspondingly shorter sentencing guideline range.[2]  In response to the petitioner's request that the insurance fraud conviction be dismissed from the criminal history computation, the Court responded, "If it were expunged, I would dismiss it.  Is it expunged?"  (Sent. Tr. at 49.)  The petitioner's counsel responded, "[The California statute] speaks to dismissal. It does not speak to expungement."  (Sent. Tr. at 51.) Consequently, the Court refused to dismiss the insurance fraud conviction and found that Anderson's prior convictions merited a Category Two classification.  On March 18, 2005, thirty-eight days

---

[1]California Penal Code Section 1203.4 mandates that if a defendant is convicted and sentenced solely to probation, and then the defendant successfully completes that probation, "the court shall set aside the verdict of guilty; and . . . the court shall thereupon dismiss the accusations or information against the defendant."

[2]Without the insurance fraud conviction being considered in the criminal history computation, the defendant's sentencing guideline range would have been between twenty-seven and thirty-three months rather than thirty and thirty-seven months.

after the petitioner was sentenced, the California state court, pursuant to California Penal Code § 1203.4,[3] set aside the petitioner's insurance fraud conviction and dismissed the information against him.  On May 11, 2006, the petitioner moved to have his sentence reduced in light of the California court's dismissal of his prior conviction [docket entry no. 226].

The commentary to United States Sentencing Guidelines Section 4A1.2 states, "A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned by reasons unrelated to innocence or errors of law . . . .  Sentences resulting from such convictions are to be counted.  However, expunged convictions are not counted." U.S. SENTENCING GUIDELINES MANUAL § 4A1.2, cmt. n.11.  As previously noted, the California court set aside and dismissed the petitioner's conviction as a unique function of California law. The conviction was not expunged, nor was there a finding of innocence or an error of law; rather, the petitioner's insurance fraud conviction was set aside simply because the petitioner completed his probation without committing any other offense in California.  As such, the Court was correct when it included the petitioner's insurance fraud conviction in the criminal history calculation.  See United States v. Hayden, 255 F.3d 768, 774 (9th Cir. 2001) (holding that Cal. Penal Code § 1203.4 does not

---

[3]See supra n.1.

"expunge" a criminal conviction for federal sentencing purposes), quoted in United States v. Myers, 2001 WL 815591, *2 (E.D. La. July 19, 2001).  Moreover, the petitioner cites no legal precedent that authorizes the Court to reduce a lawfully imposed sentence.  Thus, the petitioner is not entitled to a reduction of his sentence.

## CONCLUSION

Since the petitioner admitted to knowing that the laundered funds were derived from the illegal sale of narcotics, the sentencing court correctly applied a Section 2S1.1(b)(1)'s six-level enhancement.  As such, the petitioner's habeas petition must be dismissed with prejudice.  Because the petitioner's prior California conviction was set aside and not expunged, it was properly included in the petitioner's criminal history computation.  Accordingly,

IT IS HEREBY ORDERED that the petitioner's Motion to Vacate [**criminal docket entry no. 216; civil docket entry no. 1**] is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the petitioner's Motion to Correct or Reduce Sentence [**docket entry no. 226**] is **DENIED.**

SO ORDERED, this the 5th day of December, 2006.

```
                                       S/DAVID BRAMLETTE
                                       UNITED STATES DISTRICT JUDGE
```